**No. 2015-1304**

---

**UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

---

BETTER FOOD CHOICES, LLC,

*Plaintiff-Appellant,*

v.

MYNETDIARY, INC., MYFITNESSPAL, INC., and WEIGHT WATCHERS
INTERNATIONAL, INC.,

*Defendants-Appellees.*

---

Appeal from the United States District Court for the District of Idaho in Case
No. 14-CV-00204, Judge Dee Benson

---

**BRIEF OF DEFENDANT-APPELLEE
MYFITNESSPAL, INC.**

---

J. David Hadden
dhadden@fenwick.com
Carolyn Chang
cchang@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

*Attorneys for Defendant-Appellee*
MyFitnessPal, Inc.

# CERTIFICATE OF INTEREST

Counsel for Defendant-Appellee MyFitnessPal, Inc. certifies the following

pursuant to Federal Circuit Rule 47.4:

1.     The full name of every party or amicus represented by me is:

MyFitnessPal, Inc.

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

As indicated in item 1.

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Under Armour, Inc.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this case are:

| Law Firm | Partners and Associates |
| --- | --- |
| Fenwick & West, LLP | J. David Hadden, Carolyn Chang, Ilana Rubel |

May 15, 2015

FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
cchang@fenwick.com
Ph: 650-335-7654; Fax: 650-938-5200

By: */s/ Carolyn Chang*
        Carolyn Chang

*Attorneys for Defendant-Appellee*
MyFitnessPal, Inc.

i

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................................. i

TABLE OF AUTHORITIES .................................................................................... iv

ABBREVIATIONS ................................................................................................ vii

STATEMENT OF RELATED CASES ................................................................. viii

JURISDICTIONAL STATEMENT ......................................................................... 1

STATEMENT OF ISSUES ..................................................................................... 2

STATEMENT OF THE CASE ................................................................................. 3

STATEMENT OF FACTS ....................................................................................... 6

      A.    BFC's '115 Patent ................................................................................. 6

      B.    BFC's Allegations and MyFitnessPal's Motions to Dismiss ..... 8

      C.    The Hearing on Defendants' Motions to Dismiss ................... 11

      D.    The District Court's Dismissal of BFC's Claims Against MyFitnessPal ................................................................................. 14

SUMMARY OF ARGUMENT .............................................................................. 16

ARGUMENT ......................................................................................................... 18

    I.     STANDARD OF REVIEW ............................................................. 18

    II.    THIS COURT LACKS JURISDICTION TO CONSIDER BFC'S APPEAL ................................................................................. 18

    III.   THE DISTRICT PROPERLY DISMISSED BFC'S CLAIMS AGAINST MYFITNESSPAL ......................................................... 20

        A.    BFC'S Allegations that MyFitnessPal Makes, Uses, and Sells Software Fail to State a Claim for Direct Infringement ........... 20

# TABLE OF CONTENTS

**Page**

      1.     MyFitnessPal Cannot Directly Infringe an Apparatus Claim by Making, Using, and Selling Software.............20

      2.     The District Court's Determination Did Not Impose a Heightened Pleading Standard or Require Claim Construction....................................................................24

   B.    BFC'S Allegations that MyFitnessPal Uses an Apparatus "In Concert With" an End User Fail to State a Claim for Direct Infringement.............................................................29

IV.   CONCLUSION ..................................................................32

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
629 F.3d 1311 (Fed. Cir. 2010) ...........................................................30

*Catalina Mktg. Int'l v. Coolsavings.com, Inc.*,
289 F.3d 801 (Fed. Cir. 2002) .............................................................32

*Centillion Data Sys., LLC v. Qwest Commc'ns, Int'l*,
631 F.3d 1279 (Fed. Cir. 2011) .............................................22, 30, 31

*Cross Med. Prods., Inc. v. Medtronic Safomor Danek, Inc.*,
424 F.3d 1293 (Fed. Cir. 2005) .....................................................21, 30

*Cumberland Pharms. Inc. v. Sagent Agila LLC*,
No. 12-0825, 2013 U.S. Dist. LEXIS 156834
(D. Del. Nov. 1, 2013) ............................................................25, 27, 28

*Desenberg v. Google Inc.*,
392 Fed. App'x 868 (Fed. Cir. 2010) .............................................26, 27

*Henry A. v. Willden*,
678 F.3d 991 (9th Cir. 2012) ...............................................................18

*Hewlett-Packard Co. v. Bausch & Lomb Inc.*,
909 F.2d 1464 (Fed. Cir. 1990) .....................................................16, 21

*Interactive Pictures v. Infinite Pictures*,
274 F.3d 1371 (Fed. Cir. 2010) .....................................................22, 23

*Karim-Panahi v. L.A. Police Dept.*,
839 F.2d 621 (9th Cir. 1988) ...............................................................19

*Microsoft Corp. v. AT&T Corp.*,
550 U.S. 437 (2007)........................................................................16, 21

*Nazomi Commc'ns, Inc. v. Nokia Corp.*,
739 F.3d 1339 (Fed. Cir. 2014) ...........................................................21

# TABLE OF AUTHORITIES
## (continued . . .)

**Page(s)**

CASES

*R+L Carriers, Inc. v. DriverTech LLC*,
  681 F.3d 1323 (Fed. Cir. 2012) ..........................................................................24

*Reid v. Johnson & Johnson*,
  780 F.3d 952 (9th Cir. 2015) ..............................................................................18

*Ricoh Co., Ltd. v. Quanta Computer Inc.*,
  550 F.3d 1325 (Fed. Cir. 2008) ..........................................................................21

*Special Invs., Inc. v. Aero Air, Inc.*,
  360 F.3d 989 (9th Cir. 2004) ..............................................................................19

*Stanger v. City of Santa Cruz*,
  653 F.2d 1257 (9th Cir. 1980) ............................................................................19

*Symbol Techs., Inc. v. Lemelson Med.*,
  277 F.3d 1361 (Fed. Cir. 2002) ..........................................................................18

*TecSec, Inc. v. Int'l Bus. Machs. Corp.*,
  731 F.3d 1336 (Fed. Cir. 2013) ..........................................................................22

*United States v. Ritchie*,
  342 F.3d 903 (9th Cir. 2003) ..............................................................................26

STATUTES

28 U.S.C. § 1295(a)(1) ..............................................................................................18

35 U.S.C. § 101 ..........................................................................................................28

35 U.S.C. § 141(b) ....................................................................................................18

RULES

Federal Rule of Civil Procedure 54(b) ....................................................................19

OTHER AUTHORITIES

10 Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 2660 (3d ed. 2013) .......19

# TABLE OF AUTHORITIES
### (continued . . .)

**Page(s)**

CASES

15A Charles Alan Wright et al., Fed. Prac. & Proc. Juris.

§ 3914.1 (2d ed. 1992) ........................................................................... 19

MPEP § 2106 (9th ed. Mar. 2014) ........................................................ 28

Robert C. Faber, *Landis on Mechanics of Patent Claim Drafting*
   (4th ed. 2001) ................................................................................... 28

# <u>ABBREVIATIONS</u>

| | |
|---|---|
| MyFitnessPal | Defendant-Appellee MyFitnessPal, Inc. |
| MyNetDiary | Defendant-Appellee MyNetDiary |
| Weight Watchers | Defendant-Appellee Weight Watchers International, Inc. |
| BFC | Plaintiff-Appellant Better Food Choices, LLC |
| '115 patent | U.S. Patent No. 5,841,115 |
| A- | Page in Joint Appendix for this appeal |
| | NOTE:  All emphases in this brief have been added unless otherwise noted. |

## STATEMENT OF RELATED CASES

Counsel for defendant-appellee MyFitnessPal, Inc. certifies the following pursuant to Federal Circuit Rule 47.5:

1.      No other appeal in or from the same civil action in the district court was previously before this Court or any other appellate court.

2.      In the underlying district court action, United States District Court for the District of Idaho, Case No. 14-CV-00204, plaintiff-appellant Better Food Choices, LLC ("BFC") brought suit against six defendants.  BFC's claims against three of the defendants (that are not at issue in this appeal) were transferred to the United States District Court for the Northern District of California, Case No. 3:15-cv-00198.  On February 25, 2015, the transferred case was stayed pending resolution of a Petition for Covered Business Method Review of U.S. Patent No. 5,841,115 currently pending before the Patent Trial and Appeal Board.

## **JURISDICTIONAL STATEMENT**

This is an appeal from an order granting motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The order dismissed, with prejudice, all claims asserted against three of six defendants, and transferred the remaining claims against the other three defendants to the Northern District of California.  A1–7.  As such, the order was not an appealable final order.  Because the action includes claims for patent infringement, had the district court order been final, this Court would have had jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Defendant-appellee MyFitnessPal disagrees that this Court has jurisdiction under 35 U.S.C. § 141(b).  Section 141 confers this Court with jurisdiction to review final decisions in an appeal of a reexamination to the Patent Trial and Appeal Board.  This appeal does not relate to an appeal of a reexamination to the Patent Trial and Appeal Board and thus, section 141(b) does not apply.

## <u>STATEMENT OF ISSUES</u>

1.      Does this Court have jurisdiction to review the district court's order granting defendant-appellee MyFitnessPal, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)?

2.      Did the district court err in granting defendant-appellee MyFitnessPal, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)?

## STATEMENT OF THE CASE

On May 23, 2014, plaintiff-appellee Better Food Choices, LLC ("BFC") filed suit against three software developers (defendant-appellees MyNetDiary, Inc., MyFitnessPal, Inc., and Weight Watchers International, Inc.) and three online ("app") store providers (Amazon, Inc. ("Amazon"), Apple Inc. ("Apple"), and Google Inc. ("Google")), alleging infringement of U.S. Patent No. 5,841,115 (the "'115 patent"). A8–12. Both MyFitnessPal and Apple filed motions to dismiss in response to the complaint. A22–24, A34–36. On July 25, 2014, before completion of briefing on the motions, BFC filed a First Amended Complaint against all the defendants. A73–86.

In its First Amended Complaint, BFC alleges that MyFitnessPal (like the other defendants-appellees) makes, uses, and sells a software application that directly infringes apparatus claim 1 of the '115 patent. A79–80. On August 8, 2014, MyFitnessPal filed a motion to sever, dismiss, or alternatively transfer the claims against it. A93–95. MyFitnessPal argued that BFC's complaint failed to state a claim because the accused MyFitnessPal app cannot directly infringe an apparatus claim by "making, using, and selling" a software application. A108. Each of the other defendants filed similar motions, also arguing that software cannot infringe an apparatus claim. *E.g.*, A128, A144, A331–33, A490–93, A676–78.

On December 14, 2014, the district court held a hearing on the various motions to dismiss filed by the defendants.  At the hearing, BFC confirmed that the First Amended Complaint only asserts infringement of claim 1 of the '115 patent, an apparatus claim.  A554–55 (18:21–19:3).  Specifically, as to MyFitnessPal and the other software providers, BFC alleged that the software applications themselves are infringing devices or apparatuses and that the software providers directly infringe when they make, use, or sell their accused software.  A545–47 (9:8–10:16).

On January 12, 2015, the district court issued an order dismissing claims against MyFitnessPal and the other two software application providers with prejudice.  A2–4, A7.  The district court found that BFC failed to state a claim against MyFitnessPal, holding that BFC's claim that software is hardware was "not plausible on its face."  A3.  The district court further held that, to the extent BFC also alleges that MyFitnessPal and the other software providers "use" an apparatus in concert with an end user of a mobile device, BFC failed to include the requisite allegations of custody and control needed to support a claim for vicarious liability.  *Id*.  The district court granted in part and denied in part the motions to dismiss filed by Apple, Amazon, and Google, and transferred the remaining claims against those defendants to the Northern District of California.  A7.  No judgment was entered in the district court action.

On January 23, 2015, BFC filed a notice, appealing the district court's order dismissing all claims against MyFitnessPal, MyNetDiary, and Weight Watchers. A661.

## STATEMENT OF FACTS

### A.    BFC's '115 Patent

The '115 patent is directed to an apparatus and method for providing personalized nutritional information to consumers.  A18 (4:47–49).  Specifically, the patent describes a system that can be made available to consumers in a store or market.  A19 (5:59–60).  The patent describes two preferred embodiments.  The first is an apparatus that includes a support housing, such as a free standing kiosk, check-out counter, or hand-held device.  *Id*. (6:44–63).  In the second embodiment, the device is attached to a mobile base such as a shopping cart.  *Id*. (6:64–7:3).



A16 (FIG. 4).

Using either embodiment, a user can input their personal data into the apparatus through either a keyboard or a magnetic card reader.  A19 (6:50–55), A20 (7:1–5).  The apparatus also includes a bar code reader to allow the user to input data regarding a product the user intends to purchase or consume.  A19

(6:53–55), A20 (7:5–8). The '115 patent explains that the device includes a conventional computer processor that has a computer program stored in RAM for correlating the user's personal data with nutritional data about the product being purchased or consumed. A19 (6:20–29, 6:56–60), A20 (7:8–10). Finally, the claimed invention includes a display (either an LCD, LED, or CRT display) to output information to the user. A19 (6:60–63), A20 (7:10–14).

Independent claim 1 claims an apparatus with each of these features:

> Apparatus for generating personalized nutritional information for a shopper comprising:
> (a) means for inputting personal data relating to an individual;
> (b) barcode means for inputting data identifying at least one food product which said shopper has selected or specified, or has purchased or consumed;
> (c) processor means under the control of a prestored computer program for correlating the personal data with prestored nutritional data, including a barcode address, pertinent to the at least one food product which said shopper has selected or specified, or has purchased or consumed;
> (d) means for outputting information pertinent to the at least one food product and the personal data of the individual.

A20 (8:48–63). Independent claim 4 is an apparatus claim directed to the embodiment with the support housing, such as a kiosk, check-out counter, or hand-held device. A21 (9:6–23). And independent claim 11 claims the method corresponding to claim 1. *Id*. (10:4–18).

### B.    BFC's Allegations and MyFitnessPal's Motions to Dismiss

On May 23, 2014, BFC filed suit, alleging that MyFitnessPal, MyNetDiary,

Weight Watchers, Apple, Amazon, and Google infringe the '115 patent.  In its

initial complaint, BFC alleged:

> Defendants have infringed one or more claims of the
> '115 patent in this judicial district and elsewhere by
> making, using, selling, and/or offering for sale services or
> products that infringe and/or perform processes that
> infringe one or more claims of the '115 patent.

A11 (¶ 17).  BFC then went on to recite allegations relating to each limitation of

apparatus claim 1:

> 18.  Each Defendant sells at least one application that has
> a means for inputting personal data related to an
> individual.
>
> 19.  Each Defendant sells at least one application that has
> a barcode means for inputting data identifying at least
> one food product which a shopper has selected, specified,
> purchased, or consumed.
>
> 20.  Each Defendant sells at least one application that has
> a processor means under the control of a prestored
> computer program for correlating the personal data with
> prestored nutritional data, including barcode address,
> pertinent to at least one food product which the shopper
> has selected, specified, purchased, or consumed.
>
> 21.  Each Defendant sells at least one application that has
> a means for outputting information pertinent to at least
> one food product and the personal data of the individual.

*Id.* (¶¶ 18–21).  The complaint provided no other details regarding the defendants'

alleged infringement.

8

Because the complaint joined all six defendants in one lawsuit without any allegations of commonality, and because the complaint failed to provide any notice as to what product, service, or conduct was being accused of infringement, on July 25, 2014, MyFitnessPal filed a motion to sever and dismiss the claims against it. A22–24.  In the alternative, MyFitnessPal requested that the case be transferred to the Northern District of California.  A23.

That same day, BFC attempted to correct its pleading deficiencies by filing a First Amended Complaint.  A73–86.  BFC amended its pleading to separate out allegations against each of the named defendants.  With respect to MyFitnessPal, the First Amended Complaint clarified that BFC was accusing the MyFitnessPal software application and only alleging direct infringement.  It, however, still failed to state a viable claim of infringement against MyFitnessPal.  Specifically, the First Amended Complaint alleged that MyFitnessPal

> . . . makes, use, and sells, throughout the United States and this district, MYFITNESSPAL APP designed to be downloaded and executed on iPhones, tablets, and similar devices, made and sold by Apple, Inc.

A78–79 (¶ 56).  It went on to allege that the "MYFITNESSPAL APP when deployed on an Apple product" has each of the elements of apparatus claim 1 of the '115 patent.  A79 (¶¶ 57–60).  It then concluded that the

> MYFITNESSPAL APP, when deployed on an Apple iPhone or tablet, is an apparatus that infringes at least claim 1 of the '115 patent.

*Id*. (¶ 61).  The First Amended Complaint also included an additional allegation that

> Whenever a user of MYFITNESSPAL APP invokes the scan function of the app, MyFitnessPal, Inc. uses the claimed invention in concert with the user by receiving the barcode number for the user device, retrieving nutritional data from its server, and transmitting nutritional data back to the user device.

*Id*. (¶ 62).

After reviewing these new allegations, MyFitnessPal again filed a motion to sever and dismiss, or alternatively, to transfer BFC's claims.  A93–95.  Specifically, MyFitnessPal argued that (1) BFC improperly joined all defendants in a single lawsuit, (2) that the allegations that MyFitnessPal directly infringes an apparatus claim by making, using, and selling software fail to state a viable infringement claim, and (3) that the claims against it should be transferred to the Northern District of California.  A96–119.  MyFitnessPal also explained that to the extent BFC was claiming MyFitnessPal directly infringes through the act of others, the allegations in the First Amended Complaint did not support a claim for vicarious liability.  A108–09.

Each of the other five defendants filed similar motions to sever and dismiss, or transfer BFC's claims, each pointing out that allegations of making, using, or selling software cannot form the basis for direct infringement of an apparatus claim.  A128, A144, A331–33, A490–93, A676–78.  In response, BFC sought

leave to file a Second Amended Complaint.  A205–07.  The allegations directed to

MyFitnessPal in BFC's proposed Second Amended Complaint are the same as

those in the First Amended Complaint, except they further clarify BFC's

allegations that the software application itself meets each of the means elements of

claim 1.  *See* A207 (¶¶ 65–69).  The proposed Second Amended Complaint also

included these two additional statements:

> 64.  BFC contends that all of the means identified by at
> least claim 1 of U.S. Patent No. 5,841,115 can also be
> realized in software, and that MYFITNESSPAL APP
> alone also comprises an infringing apparatus.
>
> . . .
>
> 71.  MyFitnessPal, Inc. is liable for making, selling, and
> using an infringing apparatus.

A216 (¶ 64), A217 (¶ 71).  As the proposed amendment failed to address BFC's

pleading deficiencies, MyFitnessPal opposed BFC's request to file its proposed

Second Amended Complaint on the grounds of futility and prejudice.  A437–42.

Four of the other defendants filed similar oppositions.  A259–65, A285–90, A328–

46, A433–36.

## C.    The Hearing on Defendants' Motions to Dismiss

On December 11, 2014, the district court heard argument on the motions to

dismiss and various related motions.  At the hearing, BFC confirmed that it was

only asserting infringement of apparatus claim 1 of the '115 patent:

> . . . the only claim we are asserting is claim one, which is
> an apparatus claim.  We are not making any assertions of
> a method claim. . . . It is not our intention to change that,
> by the way.  Our intention is to go forward with this case
> strictly on claim one.

A555 (19:17–19, 19:23–25).  It then articulated two theories for its direct

infringement claims against the three software provider defendants, including

MyFitnessPal.  The first theory is based on the making, using, and selling of

software:

> We are claiming that the apps themselves are infringing
> devices or infringing apparatuses, so anyone who sells
> those would be liable for infringement.  The sales are
> primarily to stores, which is Apple, Google, and
> Amazon, but the app providers are also the makers . . . .
> They make, use and sell, and we're accusing them with
> all three . . . .

A545 (9:8–16).  It reiterated throughout the hearing that its infringement theory

was premised on the contention that the accused software applications themselves

are apparatuses, and the software providers directly infringe when they make, use,

and sell the software applications.  A556 (20:5–8), A560 (24:23–24), A597

(61:21–24).  Specifically, BFC argued that some of the hardware limitations in

claim 1 of the '115 patent could be satisfied by object code.  A563–64 (27:15–

28:1).

The defendants explained that this first theory fails on its face because as a

matter of fact and law software is not and cannot be an apparatus.  *E.g.*, A552–53

(16:19–17:13).  The district court also questioned how software alone could meet
the obvious hardware limitations of BFC's apparatus claim.  *E.g.*, A558–59
(22:23–23:4).  For example, claim 1 requires a "processor means under the control
of a prestored computer program for correlating the personal data with prestored
nutritional data."  A20 (8:55–57).  As explained during the hearing, that limitation,
on its face, requires hardware under the control of a computer program for
correlating personal data with prestored nutritional data.  A549 (13:8–20).  At
most, the accused software applications are the computer programs for correlating
personal data with prestored nutritional data, but they are not and cannot be the
hardware.  *See id.*

BFC's second theory against the software providers is based on use of the
accused software applications.  Specifically, BFC alleged direct infringement by
MyFitnessPal, for example, when an end user invokes the MyFitnessPal app and
MyFitnessPal then receives, retrieves and provides data in accordance with the
software functions.  A601 (65:4–21); *see also, e.g.*, A79 (¶ 62).  At the hearing,
BFC stated that it was not asserting joint infringement with the end user.  A616
(80:6–12), A630–31 (94:21–95:16).  Thus, MyFitnessPal explained that to the
extent the allegation is directed at use of the software application, this second
theory fails for the same reason as the first.  A632–33 (96:21–97:10).  To the
extent BFC is alleging liability through an end user's use of either the software

13

application or a mobile device (like an iPhone), the claim fails because BFC admits

it is not alleging vicarious liability and in any event, BFC makes no allegations to

support such a claim. *Id.*

### D.    The District Court's Dismissal of BFC's Claims Against MyFitnessPal

At the conclusion of the hearing, the district court ruled from the bench.  As

to the claims against the software providers, the district court dismissed all claims.

A635 (99:2–5).  The district court held that it

> . . . may look to [the patent] under Rule 12(b)(6), and
> even taking all of the plaintiff's allegations as true, can
> conclude the patent does not cover software alone.
> Software is not under any circumstances a processor, a
> support housing[,] or a kiosk.  The Court should find this
> as a matter of law and in doing so significantly
> streamline this case.

A637 (101:14–17).  In so holding, the district court explicitly rejected BFC's

arguments regarding object code meeting hardware requirements.  A637–38

(101:21–102:1).  As to BFC's second theory on "use," the district court found that

the allegations specifically pled conduct "in concert with" an end user, and thus

dismissed the claim for failure to allege facts supporting direction and control.

A636–37 (100:22–101:8).  The district court declined to dismiss the remaining

claims against Apple, Amazon, and Google as resolution would require claim

construction.  A638 (102:2–17).  It then granted the request to transfer the

remaining claims to the Northern District of California.  A644 (108:20–24).

On January 12, 2015, the district court issued a written order memorializing its rulings. In its Order, the district court reiterated its holding that BFC's argument that "software is hardware" is "not plausible on its face and, therefore, is insufficient under Rule 12(b)(6) of the Federal Rules of Civil Procedure." A3. BFC's alternative "use" claim alleges use "in concert with the user" and thus fails because BFC does not allege the requisite direction and control for vicarious or joint liability. *Id*. Consistent with its ruling at the hearing, the district court then transferred the remaining claims against Apple, Amazon, and Google to the Northern District of California. A5–7.

The district court took no other action following issuance of its January 12, 2015 Order. On January 23, 2015, BFC filed a notice of appeal to this Court, seeking review of the district court's order dismissing all patent infringement causes of action against MyNetDiary, MyFitnessPal, and Weight Watchers. A660.

## SUMMARY OF ARGUMENT

BFC's complaint against MyFitnessPal was fatally flawed. It tried to state a claim of direct infringement of an apparatus claim by accusing MyFitnessPal's software application. A79–80. But an apparatus covers what a device is, not what it does. *See Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464, 1468 (Fed. Cir. 1990). And software is simply a set of instructions that tells a device what to do. *See Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 448 (2007). As such, software alone cannot meet the structural requirements of an apparatus claim. This determination can be made on a motion to dismiss, without the need for claim construction. *Desenberg v. Google Inc.*, 392 Fed. App'x 868, 870–71 (Fed. Cir. 2010). Accordingly, the district court properly dismissed BFC's claims against MyFitnessPal for failure to state a claim.

BFC's claims against MyFitnessPal were also properly dismissed because they were premised on the conduct of others. BFC accused MyFitnessPal's software application of infringement "when deployed on an Apple product," but made no allegations that MyFitnessPal made any such deployment. A80 (¶¶ 57–60). BFC accused MyFitnessPal of using its software "in concert with" end users, but made no allegations that MyFitnessPal directed or controlled the conduct of the end-users. *Id.* (¶ 62). Indeed, BFC disavowed any allegations of joint or vicarious liability. A616 (80:6–12), A630–31 (94:11–95:23). As such, the district court

16

properly dismissed the claims against MyFitnessPal that depended on the conduct of others.

Because there was no error in the district court's dismissal of all claims against MyFitnessPal with prejudice, this Court should affirm the district court's ruling.

## ARGUMENT

## I.    STANDARD OF REVIEW

This Court applies the law of the regional circuit in reviewing a district court decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Symbol Techs., Inc. v. Lemelson Med.*, 277 F.3d 1361 (Fed. Cir. 2002). In the Ninth Circuit, a district court decision on a Rule 12(b)(6) motion to dismiss is reviewed de novo.  *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015); *Henry A. v. Willden*, 678 F.3d 991, 998 (9th Cir. 2012).

## II.    THIS COURT LACKS JURISDICTION TO CONSIDER BFC'S APPEAL

BFC contends that this Court has jurisdiction to consider its appeal pursuant to 28 U.S.C. § 1295(a)(1) and 35 U.S.C. § 141(b).  As a preliminary matter, section 141(b) has no applicability to this matter as it governs the review of final decisions in an appeal of a reexamination to the Patent Trial and Appeal Board.  This is not an appeal of a reexamination decision.  35 U.S.C. § 141(b).

This Court also does not have jurisdiction under 28 U.S.C § 1295(a)(1). Section 1295(a)(1) confers this Court with exclusive jurisdiction over an appeal from a *final decision* of a district court.  28 U.S.C. § 1295(a)(1).  The district court's January 12, 2015 Order dismissing claims against MyFitnessPal (as well as MyNetDiary and Weight Watchers) was not, however, a final decision.

Generally, an order dismissing a complaint with prejudice is a final

appealable decision.  15A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Proc. Juris.* § 3914.1 (2d ed. 1992); *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1257 (9th Cir. 1980).  The district court's order did not, however, dismiss the entire complaint against all parties.  *See* A7.  Claims against Apple, Google, and Amazon remained and were transferred to the Northern District of California.  *Id*.  "An order dismissing one party . . . while allowing suit to continue against the remaining defendants is not a final, appealable order, absent" certification under Federal Rule of Civil Procedure 54(b).  *Special Invs., Inc. v. Aero Air, Inc.*, 360 F.3d 989, 993 (9th Cir. 2004); 10 Charles Alan Wright, et al., *Fed. Prac. & Proc. Civ.* § 2660 (3d ed. 2013) ("In the absence of a Rule 54(b) certificate any order or other form of decision, however designated by the court, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties under Rule 54(b)."); Fed. R. Civ. P. 54(b).

Here, the BFC did not request to certify its order and enter judgment under Rule 54(b) and the district court took no further action in the case following entry of its January 12, 2015 Order.  *See* A660.  As such, there was no final appealable order or judgment and this Court lacks jurisdiction to consider BFC's appeal.

### III. THE DISTRICT PROPERLY DISMISSED BFC'S CLAIMS AGAINST MYFITNESSPAL

At the district court, BFC advanced two theories of direct infringement against MyFitnessPal. First, BFC alleged that MyFitnessPal makes, uses, and sells a software application that, when deployed on an Apple product, meets the limitations of apparatus claim 1 of the '115 patent. A79–80 (¶¶ 56–61). Second, BFC alleges that MyFitnessPal "uses the claimed invention in concert with the user" of the MyFitnessPal software application. A80 (¶ 62). The district court properly dismissed BFC's claims under both these theories.

#### A. BFC'S Allegations that MyFitnessPal Makes, Uses, and Sells Software Fail to State a Claim for Direct Infringement

##### 1. MyFitnessPal Cannot Directly Infringe an Apparatus Claim by Making, Using, and Selling Software

BFC's First Amended Complaint against MyFitnessPal alleges only direct infringement of claim 1, an apparatus claim. A79–80 (¶¶ 55–62). Specifically, BFC alleges that MyFitnessPal makes, uses, and sells a software application. *Id.* (¶ 56). BFC then alleges that the MyFitnessPal software application, when deployed on an Apple device, meets each of the structural limitations of claim 1. A80 (¶ 61). At the motion to dismiss hearing, BFC confirmed that its complaint only asserts direct infringement of claim 1 based on the theory that MyFitnessPal's software is the claimed apparatus. *See, e.g.*, A555 (19:17–19, 9:23–25); A556 (20:5–8); A560 (24:23–24); A597 (61:21–24).

But as the district court recognized, BFC's contention that software is itself an apparatus or device is not a legally viable theory. *See* A3; *see also* A637–38 (101:9–102:1). Direct infringement of an apparatus claim requires a ***device*** that meets all the ***structural limitations*** of the claim. *Cross Med. Prods., Inc. v. Medtronic Safomor Danek, Inc.*, 424 F.3d 1293, 1311–12 (Fed. Cir. 2005). The only thing accused with respect to MyFitnessPal is software. Software is not a device, however. It is a set of "instructions that tell the device hardware what to do." *Nazomi Commc'ns, Inc. v. Nokia Corp.*, 739 F.3d 1339, 1340 (Fed. Cir. 2014); *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1135 (Fed. Cir. 2008) (stating that software "is a set of instructions that directs hardware to perform a sequence of actions") (citing *Microsoft Corp.*, 550 U.S. at 448 (recognizing that software is the "set of instructions, known as code, that directs a computer to perform specified functions or operations") (citation omitted)). As this Court has noted, an apparatus "cover[s] what a device *is*, not what a device *does*." *Hewlett-Packard*, 909 F.2d at 1468 (emphasis in original). Because software is the instructions that tell a device what to *do* and is not what a device *is*, BFC's claim against MyFitnessPal fails as a matter of law.

This is especially true in light of the nature of the specific claim asserted against MyFitnessPal. Claim 1 recites four structural limitations of the apparatus, none of which can be realized in software (but all of which must be for BFC's

direct infringement claim to survive).  In particular, claim 1 requires a "processor means under the control of a prestored computer program for correlating the personal data with prestored nutritional data."  A20 (8:55–57).  The plain language clearly requires both hardware and software:  (1) a processor means—a piece of hardware, and (2) a prestored computer program—a piece of software.  BFC has not accused anything that can possibly satisfy the hardware component of this claim limitation.  *See TecSec, Inc. v. Int'l Bus. Machs. Corp.*, 731 F.3d 1336, 1340 (Fed. Cir. 2013) (noting district court's holding that provider of software could not directly infringe systems that required both hardware and software).  In *Centillion Data Sys., LLC v. Qwest Commc'ns, Int'l*, this Court similarly held that a supplier of software could not directly infringe a claim requiring a "personal computer data processing means."  631 F.3d 1279, 1286 (Fed. Cir. 2011).  MyFitnessPal only supplies (and is only accused of supplying) software.  Thus, like the defendant in *Centillion*, MyFitnessPal cannot possibly directly infringe the "processing means" requirement (or any other structural limitation) of claim 1.

BFC cites *Interactive Pictures v. Infinite Pictures* as support for the proposition that a "processor means" can be met by software under the doctrine of equivalents.  274 F.3d 1371, 1380 (Fed. Cir. 2010); BFC Br. at 14 n.5.  *Interactive Pictures* made no such holding.  The claim at issue in *Interactive Pictures* recited a device for providing perspective corrected views.  274 F.3d at 1373–74.  The

plaintiff alleged that a computer equipped with defendant's software infringes the asserted patent. *Id*. at 1375. Thus, the doctrine of equivalents argument focused on whether the accused software performed the functions recited in the device claim. *Id*. There was no argument and no finding that software could be the claimed "image transform processor means" under the doctrine of equivalents.

Finally, the district court properly dismissed BFC's claim against MyFitnessPal because they are all premised on conduct outside of MyFitnessPal's control. BFC's allegations accuse the MyFitnessPal software application "when deployed on an Apple product" or when "downloaded and executed on iPhones, tablets, and similar devices, made and sold by Apple." A79–80 (¶ 63), A80 (¶¶ 57–61). It, however, makes no allegations that MyFitnessPal has any involvement in the deployment or download and execution of its software on any Apple product. In fact, at the motion to dismiss hearing, BFC confirmed that it was making no allegations of joint infringement or direction and control. A616 (80:6–12), A630–31 (94:21–95:16), A636–37 (100:22–101:8). As such, BFC has failed to state a claim for direct infringement against MyFitnessPal based on making, using, and selling a software application "when deployed on an Apple product."

### 2. The District Court's Determination Did Not Impose a Heightened Pleading Standard or Require Claim Construction

BFC ignores the law and reasoning relied on by the district court. Instead, it challenges the district court's decision by claiming the court improperly imposed a heightened pleading requirement and disposed of claims without needed claim construction. Neither proposition is true.

BFC first contends that the district court applied an incorrect heightened pleading and plausibility standard in evaluating the First Amended Complaint. Specifically, BFC argues that under the governing caselaw, the First Amended Complaint sufficiently stated a claim for direct infringement because it complied with the requirements of Form 18. BFC Br. at 13 (citing Fed. R. Civ. P. Form 18[1]), 18–20 (citing *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 1134–35 (Fed. Cir. 2012)). It then concludes that the district court erred in its plausibility analysis and improperly required BFC to plead facts sufficient to show that MyFitnessPal meets each and every element of asserted claim. *Id.* at 33. BFC misunderstands the district court's rationale.

The district court did not dismiss BFC's claims because the First Amended Complaint failed to contain sufficient factual detail as to each of the elements of the asserted claim. In fact, the BFC included allegations as to each of the elements

---

[1]     Absent contrary Congressional action, Form 18 will be abrogated effective December 1, 2015.

of claim 1. A80 (¶¶ 57–60). The district court dismissed BFC's claims because, even accepting all those allegations as true, BFC did not state a legally viable claim for which relieve may be granted. A637 (101:13–20). The district court recognized that claim 1 of the '115 patent requires more than software. *Id.* (101:17). And therefore, as explained above, BFC's direct infringement claim was based on the impossible; software cannot meet something that requires hardware and software. *See supra* Section III.A.1; A637 (101:17–20); *see also Cumberland Pharms. Inc. v. Sagent Agila LLC*, No. 12-0825, 2013 U.S. Dist. LEXIS 156834, at *8 (D. Del. Nov. 1, 2013) ("even assuming that the Complaint satisfies the notice pleading requirements . . . that does not preclude dismissal, given the Complaint's failure (nonetheless) to state a claim for which relief may be granted") (internal citation omitted).

BFC then argues that the district court erred in construing claim 1 of the '115 patent as requiring hardware. BFC Br. at 21–30, 33. Again, BFC mischaracterizes the proceedings. The district court did not engage in improper claim construction. Indeed, it took great care to defer resolution of issues that would require claim construction, declining to dismiss claims against Apple, Amazon, and Google that required "wading into claim construction." A638 (102:2–17).

Rather, the district court looked to the patent claim and determined that, on

its face, claim 1 is an apparatus claim with hardware limitations. It is proper for a district court to consider a patent attached to a complaint in deciding a motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). And BFC made clear throughout the district court proceedings that it understood claim 1 to be directed to an apparatus. Thus, there was no dispute as to what was required by the patent. The only dispute was whether the claimed apparatus could be realized in software; BFC argued that it could, while the defendants and the district court understood that the law does not recognize the viability of such a claim.

BFC tries to characterize this as a claim construction dispute. But it is not. This Court in *Desenberg* rejected similar arguments regarding claim construction, affirming a district court's dismissal of claims. 392 Fed. App'x at 870–71. There, the district court, on a motion to dismiss, determined the asserted claim required the participation of multiple parties. *Id.* at 870. It then concluded Google could not infringe because it could not perform all the steps of the claim. *Id.* On appeal, Desenberg argued the district court erred in construing the claim to require steps to be performed by multiple parties. *Id.* at 871. In reviewing the record, this Court

found no error in the district court's analysis of the asserted patent and affirmed the dismissal under Rule 12(b)(6).  *Id*. at 872.

BFC challenges the applicability of *Desenberg*, arguing that the case is limited to allegations of inducing infringement of a method claim.  BFC Br. at 23.  First, *Desenberg* did, in fact, involve a claim for direct infringement, not inducement.  *Desenberg*, 392 Fed. App'x at 870.  Second, BFC's argument misses the point.  The relevance of *Desenberg* is not the Court's analysis of the requirements for infringement of the method claim.  Rather, *Desenberg* is applicable to this case for its discussion of the propriety—on a Rule 12(b)(6) motion to dismiss—of the district court's analysis of what is required by the asserted patent claim.

Other district courts have engaged in similar analyses, dismissing claims on a Rule 12(b)(6) motion after considering the requirements of the asserted claims of the patent.  In *Cumberland*, the district court reviewed the asserted patent and found that all claims required a formulation "free from a chelating agent."  2013 U.S. Dist. LEXIS 156834, at *2.  The complaint alleged that the accused formulation contained EDTA, a chelating agent.  *Id*.  Thus, the district court, taking all allegations as true, found that defendant could not infringe and dismissed the complaint.  *Cumberland*, U.S. Dist. LEXIS 156834, at *7.  Like BFC, the plaintiff in *Cumberland* argued that the determination prematurely sought claim

construction relying on cases in which courts have refused to construe disputed claim terms in connection with a motion to dismiss. *Id*. at *4. But the district court held that no claim construction was needed to understand the scope of the "free from a chelating agent" limitation. *Id.* at *5–6, 8.

Such is the case here. No claim construction was required for the district court to conclude that claim 1 of the '115 patent is directed to an apparatus with hardware limitations. Indeed, patent claims can only be directed to a process, machine, article of manufacture, or composition of matter. 35 U.S.C. § 101; *see also* MPEP § 2106 (9th ed. Mar. 2014). In claiming an apparatus, claim 1 necessarily is directed to a machine or article of manufacture. *See also* Robert C. Faber, *Landis on Mechanics of Patent Claim* Drafting § 14 at III-1 (4th ed. 2001) ("The word 'apparatus' is used generically to denote various machines and devices, including electrical circuits, computer-related apparatuses, hydraulic devices, anything mechanical or electrical having cooperating parts that accomplish some useful result, usually some act or operation on itself or on an article or workpiece."). This understanding does not require claim construction, just a review of the face of the patent.

Thus, the district court properly determined that the apparatus of claim 1 included hardware limitations that could not be met solely by the accused software. As such, the district court properly held that BFC's First Amended Complaint

failed to state a claim for which relief could be granted and this Court should

affirm the district court's ruling.

**B.    BFC'S Allegations that MyFitnessPal Uses an Apparatus "In Concert With" an End User Fail to State a Claim for Direct Infringement**

BFC's First Amended Complaint includes a second direct infringement

theory against MyFitnessPal based on "use" of the claimed apparatus.

Specifically, BFC alleges:

> Whenever a user of MYFITNESSPAL APP invokes the
> scan function of the app, MyFitnessPal, Inc. uses the
> claimed invention ***in concert with the user*** by receiving
> the barcode number from the user device, retrieving
> nutritional data from its server, and transmitting
> nutritional data back to the user device.

A80 (¶ 62).

The district court properly dismissed this claim for failure to allege the

direction and control or agency required to state a claim for vicarious liability.

A3–4; *see also* A637 (101:1- 8).  As the district court recognized during the

hearing, the claim is explicitly based on the allegation that MyFitnessPal acts "in

concert with" an end-user.  A3–4.  BFC, however, has made clear it is not asserting

joint or vicarious liability.  A616 (80:6–12), A637 (101:3–5).  As such, its claim

based on allegations of use "in concert with" an end-user fails.

BFC argues that in dismissing the "use" claim, the district court improperly

applied law that is only applicable to joint infringement in the context of method,

not apparatus, claims. BFC Br. at 20–21. But the requirement of alleging agency or direction and control applies equally to apparatus claims. In *Cross Med. Prods.,* this Court considered the issue of vicarious liability for making a claimed apparatus. In that case, the claim was directed to a medical device that required contact between the device and bone. 424 F.3d at 1310–1311. The manufacturer of the device could not "make" the claimed apparatus because it did not perform the surgeries during which the device would come into contact with bone. *Id.* at 1311. Thus, this Court noted that the manufacturer could not be liable unless it directed the acts of the surgeon. *Id.*

Indeed, the district court explicitly relied on *Centillion*, where this Court conducted the same vicarious liability analysis in the context of allegations relating to use of a claimed apparatus. 631 F.3d at 1286–1287 (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 629 F.3d 1311 (Fed. Cir. 2010)). The apparatus claim in *Centillion* recited a system for presenting information that required back-end processing as well as a front-end "personal computer data processing means." *Id.* at 1281. Centillion alleged that Qwest "used" the claimed system by operating the back-end processing and providing the software for the user's personal computer. *Id.* at 1286. This Court found that Qwest does not "use" the claimed system because it does not put into service the personal computer, stating that "[s]upplying the software for the customer to use is not the same as using the system." *Id.* It

then concluded that "Qwest is not vicariously liable for the actions of its customers.  Qwest in no way directs its customers to perform nor do its customers act as its agents." *Centillion*, 631 F.3d at 1287.  Applying this precedent, the district court made the same finding here.  To the extent BFC was alleging vicarious liability with its "in concert with" allegations, it needed to allege direction and control or agency.

At the motion to dismiss hearing, BFC attempted to back away from its allegation of use "in concert with" an end-user, and instead argued that the allegation was intended to accuse the software providers' own use of the software application.  A630–31 (94:21–95:10) ("as a matter of pleading obviously you could cross off the words in concert with the user . . . .  It was not an attempt to advance a joint liability theory of infringement.").  First, the district court correctly noted that BFC cannot rewrite the allegations in its complaint at the hearing.  A636–37 (100:22–101:8).  Second, to the extent BFC's allegation was directed to MyFitnessPal's use of the software, that claim fails for the reasons articulated in Section III.A.1., above:  software cannot infringe an apparatus claim.

Finally, BFC argues that infringement based on use of a claimed apparatus does not require the accused to use each and every limitation of the claimed invention.  BFC Br. at 15–17, 19–20.  It then argues that the district court therefore erred in requiring each element to be practiced by the software provider

defendants. *Id*. at 19.  BFC misapplies the law.  The cases cited by BFC are inapposite.  They stand for the proposition that absent an express limitation, so long as an accused device meets all the limitations of the asserted apparatus claim, any use of that device will be an infringing use.  *See, e.g., Catalina Mktg. Int'l v. Coolsavings.com, Inc.*, 289 F.3d 801, 809 (Fed. Cir. 2002).  The issue, here, however, is that BFC cannot allege that the accused MyFitnessPal software meets all the structural limitations of the claimed apparatus.  Therefore, it does not matter how the software is used; BFC never established the prerequisite of accusing a device that allegedly meets all the limitations of claim 1 of the '115 patent.  Without meeting that prerequisite, the district court correctly noted that BFC failed to state a claim for which relief can be granted.

## IV.    CONCLUSION

For the foregoing reasons, MyFitnessPal respectfully requests this Court affirm the district court's dismissal of claims against MyFitnessPal with prejudice.

Dated:  May 15, 2015                    Respectfully submitted,

FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
cchang@fenwick.com
Telephone:  650-335-7654
Facsimile:   650-938-5200

By:  */s/ Carolyn Chang* _____
     Carolyn Chang
     *Attorneys for Defendant-Appellee*
     MyFitnessPal, Inc.

## CERTIFICATE OF SERVICE

I, Carolyn Chang, hereby certify that on May 15, 2015, I caused

the foregoing **RESPONSE BRIEF FOR DEFENDANT-APPELLEE**

**MYFITNESSPAL, INC.** to be served on the following parties as indicated below:

| | |
|---|---|
| Robert A. Huntsman, Esq.<br>bobh@huntsmanlg.com<br><br>*Attorneys for Plaintiff-Appellant*<br>Better Food Choices LLC | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>**[X] By Email** [courtesy copy] |
| J. Jackson Shrum, Esq.<br>jshrum@werbsullivan.com<br><br>*Attorneys for Defendant-Appellee*<br>MyNetDiary, Inc. | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>**[X] By Email [courtesy copy]** |
| Terence P. Ross, Esq.<br>tross@crowell.com<br><br>*Attorneys for Defendant-Appellee*<br>Weight Watchers International, Inc. | [ ] By United States Mail<br>[ ] By Legal Messenger<br>**[X] By Electronic CM/ECF**<br>[ ] By Overnight Express Mail<br>[ ] By Facsimile<br>**[X] By Email [courtesy copy]** |

Dated:  May 15, 2015

FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
cchang@fenwick.com
Telephone:  650-335-7654
Facsimile:   650-938-5200

By: */s/ Carolyn Chang*
        Carolyn Chang

*Attorneys for Defendant-Appellee*
MyFitnessPal, Inc.

**CERTIFICATE OF COMPLIANCE**
**WITH TYPE-VOLUME LIMITATION,**
**TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS**

1.      This brief of Defendant-Appellee complies with the type-volume

limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).  The brief contains

6,839 words, excluding the parts of the brief exempted by Federal Rule of

Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2.      The brief complies with the typeface requirements of Federal Rule of

Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of

Civil Procedure 32(a)(6).  The brief has been prepared in a proportionally spaced

typeface using Microsoft Office Word Version 2007 in 14-point Times New

Roman.

Dated:  May 15, 2015

FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
cchang@fenwick.com
Telephone:  650-335-7654
Facsimile:  650-938-5200


By:  */s/ Carolyn Chang*
            Carolyn Chang

*Attorneys for Defendant-Appellee*
MyFitnessPal, Inc.